UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY JOHNSON, | Case No.  1:21-cv-00598-HBK |
| Petitioner, | FINDINGS AND RECOMMENDATIONS THAT COURT ABSTAIN FROM EXERCISING JURISDICTION AND DISMISS PETITION WITHOUT PREJUDICE[1] |
| v. | |
| STUART SHERMAN, | |
| Respondent. | OBJECTIONS DUE IN THIRTY DAYS |
| | (Doc. No. 1) |
| | ORDER DIRECTING CLERK TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Billy Ray Johnson, a state prisoner proceeding *pro se*, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 on April 9, 2021.  (Doc. No. 1). This matter is before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court (Habeas Rules).  *See* Habeas Rules, Rule 4; 28 U.S.C. § 2243.  Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  As more fully explained below, because petitioner's appeal of his resentencing decision remains before the state

---

[1] The undersigned submits these factual finding and recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

appellate court, the undersigned recommends the court abstain from exercising jurisdiction and dismiss the petition without prejudice to refiling after petitioner's appellate proceedings have concluded.

I. BACKGROUND

Petitioner challenges his 2015 convictions after a jury trial for first-degree robbery, assault with a firearm, first-degree burglary, possession of firearm by a felon, false imprisonment, assault with the intent to commit rape, rape, assault with a firearm, forcible lewd act with a child, unlawful discharge of a firearm, and felon in possession of ammunition for which he was sentenced to life without parole by the Kern County Superior Court in case no. BF151825A. (Doc. No. 1 at 1). Petitioner notes his convictions were affirmed but acknowledges his case was remanded for resentencing on the firearm enhancement and his appeal of his resentencing remains pending. (*Id*. at 2). Indeed, Petitioner lodges an appeal of the trial court's resentencing decision on February 27, 2020 and, as of the date of this Report and Recommendation, petitioner's appeal remains pending before the California Court of Appeal. *See People v. Johnson*, No. F080848 (Cal. 5th App. Feb. 28, 2020).[2]

II. APPLICABLE LAW

For purposes of § 2254 habeas review, a conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 478 U.S. 314, 321 n. 6 (1987). The seminal case of *Younger v. Harris*, 401 U.S. 37, 44 (1971) applies when a petitioner's conviction is not yet final. In *Younger*, the Supreme Court held that a federal court generally cannot interfere with pending state criminal proceedings. This holding, commonly referred to as the *Younger* abstention doctrine, is based on the principle of federal-state comity and is appropriate when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings

---

[2] https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=5&doc_id=2313716&doc_no=F080848&request_token=NiIwLSEmTkw7W1BNSCM9UEpIIDg7UExbKyJeJz5RMCAgCg%3D%3D

to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page v. King*, 932 F.3d 898, 901–902 (9th Cir. 2019) (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations and internal quotation marks omitted)).  In the habeas context, "[w]here . . . no final judgment has been entered in state court, the state court proceeding is plainly ongoing for purposes of *Younger*." *Id*. at 902.  Absent rare circumstances, a district court must dismiss such actions.  *See Cook v. Harding*, 190 F. Supp. 3d 921, 935, 938 (C.D. Cal. 2016), *aff'd*, 879 F.3d 1035 (9th Cir. 2018); *Perez v. Ledesma*, 401 U.S. 82, 85 (1971) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown" is federal intervention in an on-going state criminal proceeding appropriate.).

In circumstances where an appeal on a resentencing decision is pending, courts in the Ninth Circuit generally abstain from exercising jurisdiction under *Younger*.  *See Phillips v. Neuschmid*, No. 2:19-cv-03225-RGK (AFM), 2019 U.S. Dist. LEXIS 204615, at *5 (C.D. Cal. 2019).  "In so doing, these courts implicitly find that granting federal habeas corpus relief would have the practical effect of enjoining or interfering with the ongoing state judicial proceeding, even where the state proceeding is limited to sentencing." *Id*.; *see also Johnson v. Anglea*, No. 2:20-cv-01830 KJM DB P, 2021 U.S. Dist. LEXIS 16654, at *8-9 (E.D. Cal. 2021) ("The fact that petitioner was awaiting a ruling which could alter his sentencing means the judgement in his case was not final and there remained pending proceedings."); *Arlonzo Jackson Banks v. Lynch*, No. 2:20-cv-0827 TLN KJN P, 2020 U.S. Dist. LEXIS 206470, at *6 (E.D. Cal. 2020) (same).

III.    ANALYSIS

All four of the *Younger* criteria are satisfied.  First, petitioner's state proceedings remain ongoing.  *See Gilbertson v. Albright*, 381 F.3d 965, 969 n.4 (9th Cir. 2004) (en banc) ("The critical date" for determining whether a state proceeding is "ongoing" is "the date the federal action is filed."). *See also Nationwide Biweekly Admin. Inc. v. Owen*, 873 F.3d 716, 728 (9th Cir. 2017) (state proceedings are "ongoing" if the proceedings commenced "before any proceedings of substance on the merits have taken place in federal court.").  Petitioner lodged his state appeal

on February 27, 2020, which remains pending, and respondent has not yet been directed to file a response to the petition. Second, the pending state court criminal proceedings clearly implicate important state interests. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.). Third, the state proceedings afford petitioner an adequate forum to advance his claims. *Smith v. Plummer*, 438 F. App'x 642, 643 (9th Cir. 2011). And fourth, as noted *supra*, courts in the Ninth Circuit have recognized abstention is appropriate when petitioner has a pending appeal due to his resentencing. Nowhere in the petition does petitioner allege and nothing in the record supports a finding of any extraordinary circumstances that would warrant this court's intervention. Because the *Younger* abstention applies, the undersigned recommends the petition be dismissed without prejudice to refiling once petitioner's state court proceedings have concluded. 28 U.S.C. § 2244(d)(1)(A).

IV.   CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the

undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is now ORDERED**:**

The Clerk of Court is directed to assign a district judge to this case.

It is further RECOMMENDED:

1. The petition (Doc. No. 1) be DISMISSED without prejudice.

2. No certificate of appealability be issued.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   April 23, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE